1   MCGREGOR W. SCOTT
    United States Attorney
2   LAURA L. FERRIS
    Assistant U.S. Attorney
3   501 I Street, Suite 10-100
    Sacramento, California 95814
4   Telephone: (916) 554-2932

5

6

7              IN THE UNITED STATES DISTRICT COURT

8           FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10  UNITED STATES OF AMERICA,    )      CR.S.-05-305-FCD
                                 )
11                  Plaintiff,   )
                                 )
12      v.                       )
                                 )
13  BRUCE SHERRICK,              )
                                 )
14                  Defendant.   )
    _____)
15                               )      CR.S-05-304-FCD
    UNITED STATES OF AMERICA,    )
16                               )
                    Plaintiff,   )      STIPULATION AND PROTECTIVE
17                               )      ORDER RE: DISCOVERY OF CHILD
        v.                       )      PORNOGRAPHY MATERIAL; ORDER.
18                               )
    ROBERT SHERRICK,             )
19                               )
                    Defendant.   )
20  _____)

21  _____INTRODUCTION

22      The United States of America, by and through McGregor W.

23  Scott, United States Attorney for the Eastern District of

24  California, and Laura L. Ferris, Assistant United States Attorney

25  for said district; and the defendant, Bruce Sherrick,

26  ("Defendant"), and his attorney, Michael J. Aye; and the

27  defendant Robert Sherrick, and his attorney Caro Marks; hereby

28  stipulate and agree, and on that basis seek confirmation by order

                                  1

of the Court, as follows:

1. <u>Purpose</u>

The purpose of this Protective Order is to allow Mr. Aye and Ms. Marks ("Defense Counsel") to have reasonable access to certain discovery in the above-entitled action.  Such discovery consists of the data contained on the hard drives of the computers seized from the Sherrick residence in 2004.   The government has agreed to make a copy of defendant's hard drive for the defense, assuming defense counsel supplies the necessary blank hard drive/s.   Because copies of the hard drives will contain image files depicting minors engaged in sexually explicit conduct, the government requests that this Court issue the proposed protective order which will prevent the discovery material from being made public or used in any unlawful manner. Defense counsel have requested a joint Protective Order in these cases, articulating that review of each other's evidence is necessary to ascertain the extent of each defendant's involvement and other issues.

Defendant and defense counsel agree that the production of Protected Material as defined herein, is governed and subject to Rule 16 of the Federal Rules of Criminal Procedure and the child victim privacy provisions of 18 U.S.C. § 3509(d).   Defendants and defense counsel expressly recognize that any disclosure of protected material in violation of any terms of this Protective Order will subject them to the penalties and remedies set forth in Section 9 of this Protective Order.

2. <u>Definitions.</u>

A. <u>Defense Counsel</u>: Defense counsel means the counsel

of record representing the defendants in the above-captioned

matter, who has signed this agreement.   It does not mean any

other person associated with the counsel of record's firm or

agency, including, but not limited to, other counsel, witnesses,

secretarial assistants, and support personnel.

B.   Protected Material: Protected material means any

visual depiction of a minor engaged in sexually explicit conduct,

as defined in 18 U.S.C. § 2256(2), and child pornography, as

defined in 18 U.S.C. § 2256(8).

C.   Visual Depiction: Visual depiction shall have the

meaning given that term in 18 U.S.C. § 2256(5).

D.   Computer: Computer shall have the meaning given

that term in 18 U.S.C. § 1030(e).

3.   Production of Protected Material.

The United States agrees to provide Defense Counsel with

mirrored images of the defendants' hard drives which shall

contain Protected Material after delivery of the necessary blank

hard drives.

4.   Use of Protected Material.

A.   General: The hard drives and protected material

produced under this Protective Order, shall be used solely for

the purposes of these criminal proceedings and for no other

purpose.   Persons having access to Protected Material shall not

disclose or provide Protected Material to any person not

authorized under this Protective Order.   No Protected Material

may be made available to, or in any manner revealed to, any other

person, except: (1) solely in accordance with the procedures set

forth in this Protective Order; or (2) upon further Court order.

B.  <u>Advise of Counsel</u>: Nothing under this Protective Order shall bar or otherwise restrict Defense Counsel from rendering advice to defendants with respect to these actions, and in the course thereof, relying in a general way upon examination of any Protected material.  However, in rendering such advice and in otherwise communicating with defendants, defense counsel shall not disclose the contents of any Protected Material contrary to the terms and intent of this Protective Order.

5.  <u>Access to Protected Material.</u>

A.  <u>General</u>: The hard drives and Protected Material produced by the United States to Defense Counsel, shall be maintained in a locked and secure room, cabinet, and/or safe. The secured area shall be accessible only to Defense Counsel.

B.  <u>Permissible Disclosures</u>: Protected Material may be disclosed to Defense Counsel and Court Officials involved in this criminal proceedings.  Defense Counsel shall have access to and may use Protected Material only for the purpose of these actions. Prior to receiving access to the Protected Material, each Defense Counsel must signify assent to the terms of this Protective Order by executing the acknowledgment attached as Appendix A, indicating that he or she has read and understands this Protective Order and has agreed to be bound by its terms. Defense Counsel shall file the signed acknowledgment with the Court within five (5) calendar days of its execution.  Additional disclosure may be made to an investigator for each Defense Counsel.  Specifically, disclosure may be made to one (1) investigator (for each Defense Counsel) retained for the purpose of assisting Defense Counsel in the defense of this criminal

matters to the extent reasonably necessary; provided, however, that the person/s to whom disclosure is made must signify assent to the terms of this Protective Order by executing the acknowledgment attached as Appendix A, indicating that he or she has read and understands this Protective Order and has agreed to be bound by its terms.   Defense Counsel shall file the signed acknowledgment with the Court within five (5) calendar days of its execution.   If Defense Counsel determines that additional investigators are needed to review the material, Defense Counsel shall obtain a further order of the Court before allowing any other individual to review the Protected Material.

   C. <u>Access by the Defendants</u>:

   Defendants themselves shall not under any circumstance be permitted to access or view any document, file, or visual depiction containing actual or alleged child pornography without petition to, and further order of, the Court.   Defendant may access and review any document or file that does not contain actual or alleged images of children for the limited purpose of assisting in the preparation of their defense if it is in the presence of defense counsel and under the direct supervision and control of defense counsel.

   D. <u>Possession of Protected Material</u>:

   All persons permitted to access and view Protected Material pursuant to the terms of this Protective Order shall be protected from prosecution while possessing the Protected Material relevant to this case, in accordance with the terms and provisions of this order.

   6. <u>Handling of Protected Material</u>

A.  <u>Examination of Protected Material</u>: No person, other than those persons identified in Section 5 who have executed the acknowledgment attached as Appendix A, may examine the Protected Materials without further court order.   The hard drives and Protected Materials must remain under the control of Defense Counsel, and examination of the Protected Materials shall be done in a confined and secure environment which shall be inaccessible to individuals not authorized by the Protective Order.   A copy of this Protective Order shall be maintained with the Protected Material at all times.   Under no circumstances shall the Protected Materials be mailed, transmitted or otherwise removed from the confined and secure environment, except that it may be hand carried by persons allowed access under the terms of this order to a separate and confined secure environment, for the purpose of examination and investigation by persons allowed to do so under the terms of this stipulation and order.

B.  <u>Copies of Protected Material</u>: No copies of any document, image file, or visual depiction of minors engaged in sexually explicit conduct, or child pornography, contained on the hard drives may be made without further court order.   This prohibition includes, but is not limited to, (1) printing out images onto paper or film: and (2) duplicating the images in any digital format.   Documents and non-image files such as word processing files, e-mails (redacted of references to Child Pornography, *e.g.*, web-addresses), and other text files may be duplicated to the extent necessary to prepare the defense of these criminal matters.   If these documents are printed or duplicated, neither the photocopier nor the printer may be

connected to the Internet or any other Computer network.

      C.  <u>Internet or Network Access</u>: Any computer from which the Protected Material will be accessed shall not be connected to the Internet or to any other Computer network while any drive produced pursuant to this order is attached thereto.

      D.  <u>Termination of Participation in Action</u>: Once participation in this criminal proceeding by any person obtaining defendants' hard drives and Protected Material pursuant to Section 5 has been terminated at the district court level, all hard drives and Protected Material in the possession of such person shall be returned by such person to the Federal Bureau of Investigation ("FBI") within twenty (20) calendar days of the judgment and sentencing.  Upon return of the copies of retained evidence and the Encase evidence files, defense counsel shall file a brief report to the Court specifying that the terms of this Order have been complied with and reporting the return of the copies of evidence.  In the event of an appeal, Defense Counsel can seek an Amendment to this Order under Paragraph 7. The FBI will retain the Protected Material and hard drives until either the exhaustion of all appeals or the timing for filing of appeals has run.  After this time the FBI will destroy the hard drives and Protected Material.

    The physical computers, data drives, and components used to examine the material by Defense Counsel will be scrubbed to remove any and all references to the Protected Material, except that data which is developed by defense counsel, or any person allowed to have access to the protected material, possession of which, itself, would not be prohibited, may be retained by

counsel consistent with attorney work product and will be
destroyed by said counsel at the conclusion of this case.
Failure to destroy this material will be considered a violation
of this Protective Order and may subject counsel to further
actions by the government, including a court order to destroy the
material, criminal penalties for unauthorized possession of child
pornography, or otherwise.  If this is not possible these items
will be forfeited to the United States.  Unless the defendant is
represented by the Federal Public Defender or an attorney
appointed pursuant to the Criminal Justice Act, Defendant will
bear all costs associated with the destruction of the material.

     7.   <u>Amendment</u>.

     This Protective Order may be amended by agreement of Defense
Counsel and the United States in the form of a written
stipulation filed with the Court and subject to the Court's
approval.

     8.   <u>Effective Period</u>.

     This Protective Order shall be effective immediately upon
entry by the Court.  It shall survive termination of these
actions, and the Court shall retain jurisdiction to enforce or
modify its terms.

     9.   <u>Penalties for Breach</u>.

     This Protective Order shall be strictly enforced by the
Court, and any violation may result in sanctions by this Court
and in state or federal criminal charges for possession or
dissemination of child pornography.

/ / /

/ / /

IT IS SO STIPULATED.

Date: ____March 9_____, 2006        ___/s/Bruce Sherrick_____
                                    BRUCE SHERRICK
                                    Defendant

Date: ___March 14_____, 2006        __/s/ Michael J. Aye_____
                                    MICHAEL J. AYE
                                    Attorney for Bruce Sherrick

Date: ____January 27___, 2006       __/s/ Robert Sherrick____
                                    ROBERT SHERRICK
                                    Defendant

Date: ____January 27___, 2006       __/s/ Caro Marks_____
                                    CARO MARKS
                                    Attorney for Robert Sherrick


                                    MCGREGOR W.   SCOTT
                                    United States Attorney

Date: ____March 21_____, 2006_____  ___/s/ Laura L. Ferris____
                                    LAURA L. FERRIS
                                    Assistant U.S. Attorney




                            ORDER

_____IT IS SO ORDERED.

Date: May 8, 2006


                                    /s/ Frank C. Damrell Jr.___
                                    FRANK C. DAMRELL, JR.
                                    United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# APPENDIX A

1  CGREGOR W. SCOTT
   United States Attorney
2  LAURA L. FERRIS
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95914
4  Telephone: (916) 554-2932

5

6

7

8           IN THE UNITED STATES DISTRICT COURT FOR THE

9                EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,      )    CR. S. NO 05-305-FCD
                                   )
12                 Plaintiff,      )
                                   )
13       v.                        )
                                   )    AGREEMENT CONCERNING
14  BRUCE SHERRICK,                )    INFORMATION COVERED BY
                                   )    PROTECTIVE ORDER
15                 Defendant.      )
                                   )
16  _____)

17

18

19

20
    _____I, _____, have read the terms of the
21
    Protective Order entered in this matter, and understand its
22
    contents.  I understand that I may view Protected Material
23
    because I am defense counsel or an investigator for defense
24
    counsel as defined in the Protective Order and am entitled under
25
    its terms to access.  I further understand that any viewing of
26
    Protected Material must comply with the terms of this Protective
27
    Order.  I understand the terms of the Protective Order and agree
28

                                   1

1  to be bound by those terms and to hold in confidence any

2  information disclosed to me pursuant to the terms of the

3  Protective Order.

4      I hereby submit myself to the jurisdiction of the United

5  States District Court for the Eastern District of California, as

6  necessary for resolution of any matters pertaining to the

7  Protective Order.

8

9  Dated: _____          _____

10                                        Print name

11

12                                        _____

13  _____  Signature

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2